IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN SWIRE and PHILIP SWIRE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:18-CV-1003-RP |
| ALYSSA KEMPF f/k/a ALYSSA HODGE and GEICO COUNTY MUTUAL INSURANCE COMPANY, | § § § § § | |
| Defendants. | § | |

## ORDER

Defendant Alyssa Kempf, f/k/a Alyssa Hodge, ("Kempf") removed this civil action to this Court on November 21, 2018. (Not., Dkt. 1). Now before the Court are Plaintiffs Susan and Philip Swire's ("the Swires") Motion to Remand, (Mot. Remand, Dkt. 7), Kempf's Motion for Leave to Amend her Notice of Removal, (Mot. Amend, Dkt. 8), and Kempf's response to the Swires's motion to remand, (Resp., Dkt. 9). Having considered the parties' submissions, the record, and the applicable law, the Court will grant Kempf's motion and deny the Swires's motion.

## I. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A federal district court must remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## II. DISCUSSION

Kempf removed this case pursuant to the Court's diversity jurisdiction. (Not., Dkt. 1, at 2). "Subject matter jurisdiction on the basis of diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767 (5th Cir. 2015) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)). "Citizenship is based on domicile, i.e., where an individual resides and intends to remain." *Id.* at 767–68 (citing *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003)).

The Swires raise two arguments for why this case should be remanded to state court. First, the Swires contend that because Kempf alleged in her notice of removal that her she was a resident, but not a citizen, of Indiana, the notice is procedurally defective and requires remand. (Mot. Remand, Dkt. 7, at 4). Second, the Swires argue that Kempf is in fact a citizen of Texas, and therefore removal is improper under the no-local-defendant rule. (*Id.* at 4–5). Neither argument is persuasive.

### A. Procedural Defect

The Swires argue that Kempf's failure to allege citizenship in her notice of removal is sufficient to warrant remanding this case to state court. (*See* Mot. Remand, Dkt. 7, at 4). Kempf acknowledges that citizenship, not residency, is relevant to whether the Court may exercise diversity

2

jurisdiction over the parties. (*See* Resp., Dkt. 9, at 1). Accordingly, Kempf has moved to amend her notice of removal to allege that she is a citizen of Indiana; the Swires oppose this relief. (*See* Mot. Amend, Dkt. 8).

Generally, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. It is well established in the Fifth Circuit that when a party "fail[s] to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed," the "faulty allegations" may be "properly cured in the amended petition for removal" under 28 U.S.C. § 1953. *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146–47 (5th Cir. 1979). Accordingly, Kempf's motion for leave to correct her allegation of citizenship in her notice of removal should be granted.

As amended, Kempf's notice of removal cures the procedural defect on which the Swires's first argument for remand is based. (*See* Am. Not., Dkt. 8-1, ¶ 9 (alleging that Kempf is a citizen of Indiana and was at the time this action commenced)). Accordingly, the Swires's first argument is moot.

### B. Citizenship

The Swires also argue that Kempf is in fact a citizen of Texas and this case should be remanded on that basis. (Mot. Remand, Dkt. 7, at 4–5). Under 28 U.S.C. § 1441(b):

> When a plaintiff files in state court a civil action over which the federal district court would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, *provided that no defendant is a citizen of the State in which such action is brought*."

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (emphasis added) (quoting 28 U.S.C. § 1441(b)). The Swires filed their original complaint in the 345th Judicial District Court of Travis County, Texas. (Am. Not., Dkt. 8-1, ¶ 1). Therefore, if Kempf is a citizen of Texas, removal was improper.

3

"Citizenship is based on domicile, i.e., where an individual resides and intends to remain." *Alphonse*, 618 F. App'x at 767–68. In the Fifth Circuit, courts "look to all evidence shedding light on the litigant's intention to establish a domicile." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)). In doing so, courts assess several factors, with each factor given equal weight and none of them dispositive of the inquiry. *Acridge*, 334 F.3d at 448 (citing *Coury*, 85 F.3d at 251). These factors may include "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for h[er] family." *Coury*, 85 F.3d at 251.

The Swires assert that Kempf is a resident of Texas because (1) she used to live there, (2) she has a Texas driver's license, (3) she is registered to vote in Texas, and (4) she and her husband maintain vehicle registrations in Texas. (Mot. Remand, Dkt. 7, at 5). The Swires's theory is that Kempf only temporarily lives in Indiana while her husband completes his graduate degree. (*See id.*, at 5–6). The Swires base their argument on Kempf's husband's LinkedIn profile, (*see* Dkt. 7-2), and a Westlaw PeopleMap report, (*see* Dkt. 7-3).

Kempf responds that the LinkedIn profile is an unauthenticated source of evidence from the Internet about a non-party, and that the Westlaw PeopleMap report is neither verified for accuracy nor current. (Resp., Dkt. 9, at 3). Kempf asserts that the PeopleMap report's information about her voter registration lacks an identified source, that the report is more than a year old, and that she has not voted in the past two national elections. (*Id.* at 5–6). Kempf also points out that the PeopleMap report itself shows that both of her vehicle registrations in Texas have expired. (*Id.* at 6). Additionally, Kempf has submitted a sworn declaration with her response to the Swires's motion in which she states that: (1) she is a full-time preschool teacher in Indiana with a vocational license to teach there, (2) she pays Indiana state income tax, (3) her automobile and renter's insurance were

4

obtained and are maintained in Indiana, (4) all her banking and brokerage accounts are in Indiana, and (5) she owns no real or personal property in Texas. (Kempf Decl., Dkt. 9-1, at 1–2).

In light of "all the evidence," the Court finds that Kempf is domiciled in Indiana. Therefore, she is a citizen of Indiana, not Texas. Accordingly, the no-local-defendant rule, 28 U.S.C. §1441(b)(2), does not apply. Because neither of the Swires's arguments for remand are persuasive, the Court concludes that removal was proper.

### III. CONCLUSION

Accordingly, for these reasons, **IT IS ORDERED** that Kempf's motion for leave to amend her notice of removal, (Dkt. 8), is **GRANTED**. The Swires's Motion to Remand, (Dkt. 7), is **DENIED**.

**SIGNED** on March 8, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE