**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SUSAN and PHILIP SWIRE** | § | |
| | § | |
| **V.** | § | **1: 18-CV-1003-AWA** |
| | § | |
| **ALYSSA KEMPF f/k/a ALYSSA HODGE** | § | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Quash (Dkt. No. 46), and Defendant Alyssa Kempf f/k/a Alyssa Hodge's Response (Dkt. No. 47).[1]

## I. Arguments

This is a suit seeking damages for injuries suffered by the Plaintiff in a car accident. The motion relates to two third party subpoenas Defendant Alyssa Hodge served addressed to: (1) Plaintiff Philip Swire's chiropractor, Dustin Williams, DC, requesting medical records, radiology films, and billing records; and (2) Philip Swire's former employer, K&N Engineering, Inc., requesting employment and payroll records.

Swire requests the Court to quash the subpoenas asserting: (1) the subpoenas require disclosure of patient-physician privileged matter that is wholly unrelated to this case; (2) the subpoenas are facially overbroad; and (3) the subpoenas request documents that have already been produced. Hodge responds that: (1) the medical records requested by the subpoena in question fall within the exception to TEX. R. EVID. 509; (2) the medical record subpoenas are not facially overbroad because Swire is complaining of neck, back, and shoulder injuries from the accident, and

---

[1]It appears Swire failed to comply with Local Rule CV-7(i)'s conference requirement prior to filing the motion to quash. Per Local Rule CV-7(i), the Court may refuse to hear a discovery motion that lacks a certificate of conference. In the interest of efficiency, the Court will resolve this motion, but reminds counsel they must confer in good faith before filing discovery motions.

testified that he had an active lifestyle that has caused him pre-existing injuries; and (3) the employment subpoena requests information that has not been previously produced and pertains to Swire's work history, requested time off, and termination from K&E, which he testified was related to his injuries sustained in the collision at issue in this case.

## II. Analysis

### A.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It states in relevant part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Under Federal Rule of Civil Procedure 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(c).

Federal Rule of Civil Procedure 45(d)(1) provides that, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A subpoena must be quashed or modified where, inter alia, the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception

or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

**B.    Medical Records Subpoena**

Hodge seeks to subpoena Swire's medical records from chiropractor Dustin Williams. Dkt. No. 46-1. Swire asserts that his medical records are privileged under Texas Rule of Evidence 509, and that no exception to the privilege applies. Additionally, Swire asserts the request is overbroad as it requests all his records from Dr. Williams, and makes no attempt to tailor the request to time periods or relevant subject matter. Hodge responds that an exception to the patient-physician privilege applies in this case because Swire's injuries are the basis of his claim, and, because Swire testified to the existence of pre-existing injuries, the subpoena is not overbroad.

The Court looks to Texas law on privilege issues as this case is before the Court based on diversity jurisdiction. FED. R. EVID. 501. Texas Rule of Evidence 509 recognizes the physician-patient privilege, but, in civil proceedings, Texas provides for an exception where the party relies on the condition as part of the party's claim or defense. TEX. R. EVID. 509(e)(4); *De Santiago-Young v. Histopath, Inc.*, 2015 WL 1542475, at *2 (S.D. Tex. Apr. 1, 2015). The Texas Supreme Court has recognized "the exceptions to the medical and mental health privileges apply when (1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense, meaning that the condition itself is a fact that carries some legal significance." *R.K. v. Ramirez*, 887 S.W.2d 836, 840, 843 (Tex. 1994).

Swire claims that his shoulder was injured in the motor vehicle accident that is the focus of this case. Swire testified in his deposition that he sought treatment for a pre-existing shoulder injury before the accident. Dkt. No. 47-1. He also testified that he had an active lifestyle and had suffered various sports injuries since high school. Dkt. Nos. 47-1 at 11-12 and 47-2. Swire's medical

condition is central to his personal injury claim as he is claiming injuries to his back, neck and shoulders. Dr. Williams is a chiropractor who treated Swire for muscoloskeletal injuries. Dr. Williams' treatment records are therefore relevant to Swire's claims and fall within the exception to the patient privilege under TEX. R. EVID. 509.  Further, the subpoena to Dr. Williams is not overbroad.  By definition, the doctor's records are limited to his treatment of Swires, and Swire's testimony that he suffered a number of sports injuries negates the need for temporal limits on the request. The motion to quash the subpoena served on Dr. Williams should be denied.

## C.  Employment Records Subpoena

Hodge has also subpoenaed records from Swire's former employer, K&N Engineering. Swire asserts that the subpoena is facially overbroad, as it seeks all of Swire's employment records with no limitation as to time, subject matter, or relevance to this case. Swire asserts that the subpoena presents an undue burden, and should be quashed. Additionally, Swire argues that the request is duplicative, as it includes requests for Swire's payroll records and tax documentation, since he already produced multiple yearly earnings reports and federal tax returns.  Dkt. Nos. 46-3 and 46-4.

Hodge responds that its subpoena for Swire's employment records is appropriate, as the documents are relevant to Swire's damage claim, and the scope of the subpoena is not overbroad. Hodge points out that Swire seeks damages in this case for lost wages and loss of earning capacity. Dkt. No. 47-1 at 17-18. Additionally, Swire contends that he was terminated from K&N Engineering and escorted from the building because he needed shoulder surgery due as a result of the injuries he sustained in the accident that is the subject of this litigation. Dkt. No. 47-1 at 24-25. Hodge maintains that because of this, records from K&N Engineering about Swire's employment, wages, abilities, and the nature of his separation are relevant, as they are directly relevant to Swire's lost

wages and loss of future earning capacity damage claims. Lastly, Hodge asserts that Swire was only employed by K&N Engineering for two years, and thus the subpoena is reasonable in scope. Moreover, Hodge claims the information is not duplicative because Swire has not produced any information relating to the nature of his termination from K&N Engineering.

The subpoena to K&N Engineering requests documents relevant to Swire's damage claims, and is not overbroad. The time period in issue is only two years and the reason for Swire's termination is relevant to both his claim and Hodge's defense. Moreover, the production of these documents presents at most a minimal burden, and that burden is outweighed by the relevance of the requested documents to Hodge's defense. The party moving to quash a subpoena bears the burden of demonstrating that compliance with a subpoena would be unduly burdensome. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Swire has failed to do so in this case.[2]

For the reasons stated above, Plaintiffs' Motion to Quash (Dkt. No. 46) is **DENIED**.

SIGNED this 11th day of May, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[2]The parties do not discuss whether Swire has standing to quash the subpoenas. Generally, a party has standing to challenge a subpoena issued to a non-party if the subpoena seeks confidential or protected information sensitive to the movant. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). "However, a party may not challenge a subpoena made to a third party on the grounds that the information sought is not relevant or imposes an undue burden." *Keybank Nat. Ass'n v. Perkins Rowe Assocs.*, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011). Thus, Swire likely has standing to raise the physician-patient privilege issue, but does not have standing to raise the remaining arguments.